UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 4:19-cr-00488-SRC |
| LISA HURLEY, | ) |
| Defendant. | ) |

## Order

Defendant Lisa Hurley is charged in a federal indictment with two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Docs. 1–2. One count results from evidence seized relative to a felony "wanted" issued by the St. Louis Metropolitan Police Department, and the other results from evidenced seized relative to a felony warrant. Hurley now seeks to suppress the firearms that led to her indictment. Hurley argues that officers lacked probable cause to list her as "wanted" for murder and then subsequently search her store and home leading to the seizure of two firearms. Doc. 46. The Court disagrees.

**I.     Background**

Pursuant to 28 U.S.C. § 636(b), the Court referred Hurley's motion to United States Magistrate Judge John Bodenhausen. After holding three evidentiary hearings, Judge Bodenhausen issued a Report and Recommendation detailing his factual findings, legal conclusions, and recommendations on Hurley's motion. Doc. 103; *see also* Docs. 69, 71, 88. The Report and Recommendation recommends that the Court deny Hurley's Motion to Suppress Evidence. *Id.* Hurley objects to the Report and Recommendation, claiming that

the Court "misinterpreted or overlooked material matters of fact and law[.]"  Doc. 107 at p. 1.  The United States disagrees and filed a response to Hurley's objections.  Doc. 108.

When a party objects to a magistrate judge's report and recommendation, the district judge must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).  In making its de novo determination, the Court reviewed the entire record, including the transcripts of the September 22, 2020, October 7, 2020, and February 5, 2021 evidentiary hearings and the related exhibits.

## II. Analysis

Hurley objects to seven specific findings in Judge Bodenhausen's Report and Recommendation.  The Court addresses each objection below.

### A. Objection 1:  Probable cause for listing Hurley as "wanted"

Hurley's first objects to the Report's finding that Detective Wenstrom had probable cause to list her as "Wanted" for the murder of N.P.  Doc. 107 at ¶ 1.  Hurley argues that the information Detective Wenstrom used as his basis for listing Hurley as "wanted" "came exclusively from individuals who held themselves out as being related to an individual who was a known gang affiliate and also was the last person seen with N.P. prior to his death, and [that is] insufficient to establish probable cause.  *Id.*  The United States disagrees, claiming that Detective Wenstrom did have probable cause to list Hurley as "wanted."  Doc.108 at pp. 2–4.

2

On de novo review, the Court finds Judge Bodenhausen properly credited Detective Wenstrom's testimony, found that officers conducted a reasonably thorough investigation prior to arresting Hurley, and that the facts available to the officers at the time of Hurley's May 8, 2019 arrest, provided minimal but sufficient probable cause to support Hurley's arrest. For the reasons set forth more fully explained in Judge Bodenhausen's Report and Recommendation, the Court finds that officers had probable cause to arrest of Hurley for her involvement in the shooting and death of N.P. Doc. 103 at pp. 8–17; *see also United States v. Perry*, 908 F.3d 1126, 1129 (8th Cir. 2018)( "Probable cause 'requires only a probability or substantial chance of criminal activity, not an actual showing of such activity'; it 'is not a high bar.' (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018)). The Court overrules Hurley's objection.

### B. Objections 2–4: Entering the "employees only" section of Hurley's store

Hurley's second, third, and fourth objections argue that she had a "reasonable expectation of privacy while she stood in the 'Employees Only' section of the M&L Market, of which she is the owner" and that officers violated her Fourth Amendment rights by entering the "Employees Only" room of her store to arrest her without a warrant. Doc. 107 at ¶¶ 2–3. Hurley further argues that she immediately complied with all commands issued by the policy so there were "no exigent circumstances that justified the officers' entry into the "Employees Only" room. *Id.* at ¶ 4. The United States disagrees. Doc. 108 at pp. 4–6.

On de novo review, the Court finds that officers had sufficient probable cause to arrest Hurley for her involvement in N.P.'s death, and therefore, regardless of whether Hurley had a reasonable expectation of privacy in the employees-only area of her small business, officers did not violate the Fourth Amendment by entering the area to arrest Hurley

3

or when conducting a protective sweep. The Court further finds that officers lawfully observed and sized the two pistols from Hurley's bag pursuant to the plain view doctrine. The Court overrules Hurley's objections.

### C.     Objection 5:  Excessive protective sweeps

Hurley's fifth objection argues that the "protective sweeps conducted after both arrests were not based on any articulable belief that additional individuals were present and were excess in scope." Doc. 107 at ¶ 5. The United States disagrees. Doc. 108 at pp. 6–7. On de novo review, the Court finds Judge Bodenhausen properly found that the officers conducted proper protective sweeps. For the reasons set forth more fully explained in Judge Bodenhausen's Report and Recommendation, the Court finds that officers did not violate Hurley's Fourth Amendment rights by conducting protective sweeps. Doc. 103 at pp. 17–21

### D.     Objections 6–7:   Fruits of the poisonous tree

Hurley final two objections argue that "[a]ny and all evidence seized and/or statements obtained after her warrantless arrest on May 8, 2019, are fruit of the poisonous tree and should be excluded." Doc. 107 at ¶ 6. And, that "the arrest warrant issued on June 24, 2019, was obtained by the same officer who arrested [her] on May 8, 2019 and was based whole on evidence seized after that arrest, and therefore all evidence obtained as a result of affecting that arrest warrant is also first of the poisonous tree. *Id.* at ¶ 7. The United States disagrees. Doc 108 at pp. 7–8. For the reasons set forth in section II.A above, the Court finds overrules Hurley's objections.

## III.    Conclusion

The Court sustains, adopts, and incorporates United States Magistrate Judge John Bodenhausen's [103] Report and Recommendation. Accordingly, the Court denies

4

Defendant Lisa Hurley's [46] Motion to Suppress Evidence. Trial of this matter will be set by separate order.

Dated this 16th day of July 2021.

_____
**STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE**